**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. GILBERT, | CASE NO. 1:08-cv-01320-AWI-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| S. K. CHENEY, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Anthony D. Gilbert ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 5, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

---

[1] Plaintiff was a prisoner when this suit was filed.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Complaint**

The events giving rise to the claims at issue in this action allegedly occurred at Kern Valley State Prison in Delano. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from prison officials' failure to protect him from an attack at the hands of four other inmates. Plaintiff names Captain S. K. Cheney, Lieutenant D. McCall, Sergeant A. Flores, and Correctional Officer R. Villegas as defendants, and seeks damages and racial riot preparation for the defendants.

**A.     Official Capacity Claims**

Plaintiff alleges both official and individual capacity claims against Defendants. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Because the equitable relief sought by Plaintiff is not narrowly tailored to go no further than remedying the violation alleged, 18 U.S.C. § 3626(a)(1)(A) (Prison Litigation Reform Act section governing award of equitable relief), it is not available in this action and this action may proceed as one for damages only. Therefore, only Plaintiff's individual capacity claims are viable. Hydrick v. Hunter, 500 F.3d 978, 986-87 (9th Cir. 2007).

**B.     Eighth Amendment Claim**

On March 6, 2008, Plaintiff was attacked by four Hispanic inmates while he was asleep on his bunk. Plaintiff alleges that at the time of the attack, Defendants were aware of racial tension between black and Hispanic inmates, and they were obligated to protect him from violence. Plaintiff alleges that Defendants were aware of the risk of placing inmates of different races in the same living area.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

The Court finds that Plaintiff's allegations fall short of giving rise to a viable Eighth Amendment claim. Plaintiff's vague allegation of known racial tension prior to the attack on him is insufficient to support a claim that either Hispanic inmates in general or specific Hispanic inmates posed a *substantial* risk of harm to Plaintiff of which Defendants were aware. Tension between groups of inmates in prison is not unusual and for a situation to rise to the level of an Eighth Amendment violation, it must be sufficiently serious. See Hearns at 1040-42 (allegations (1) detailing religiously motivated violence and prison officials' awareness but disregard of the danger posed by specific inmates who had orchestrated previous attacks, and (2) raising the inference that prison officials created the risk and then facilitated the attacks sufficient to state a failure-to-protect claim). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

3

### III.     **Conclusion and Order**

Plaintiff's complaint fails to states a claim for violation of Eighth Amendment. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp., 127 S.Ct. at 1965 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///
///
///
///

5. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 6, 2009**       /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE